UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ANGELA VANDERMISSEN,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
and WILLY BIETAK PRODUCTIONS, INC.

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, ANGELA VANDERMISSEN ("Plaintiff"), is a citizen of Michigan.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("Defendant"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida and shall herein after be referred to as RCCL.

3. Defendant, WILLY BIETAK PRODUCTIONS, Inc. ("Defendant"), is a corporation Incorporated under the laws of the State of California, having its principal place of business in Santa Monica, California and shall herein after be referred to as Bietak Productions.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event this matter does not come under the diversity jurisdiction of the court, Plaintiff shall proceed under the admiralty jurisdiction.

5. Plaintiff is a seaman within the meaning of 28 U.S.C. § 1916, and is entitled to file suit

without prepayment of costs.

6.   Defendant Royal Caribbean Cruises, Ltd., at all times material hereto, personally or through an agent:

  a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

  b.   Was engaged in substantial activity within this state;

  c.   Operated vessels in the waters of this state;

  d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

  e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

7.   Defendant RCCL is subject to the jurisdiction of the courts of this state.

8.   Defendant Bietak, at all times material hereto, personally or through an agent:

  a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

  b.   Was engaged in substantial activity within this state;

  c.   Operated vessels in the waters of this state;

  d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

  e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

9.   The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 30104 and the General Maritime Law of the United States.

10. At all times material hereto, Defendant RCCL, owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas*.

11. At all times hereto, Defendant Bietak, provided Defendant RCCL with a production team, create, choreograph, direct, produce and staff an Ice Skating show, on board the vessel, the *Allure of the Seas*.

12. On or about April 23, 2011, Plaintiff was employed as a seaman and was a member of the *Allure of the Seas'* crew in the capacity of performer.  The vessel was in navigable waters.

13. On or about April 23, 2011, Plaintiff was injured while performing as an ice skater after another skater collided with her while they were doing the Bietak Choreographed routine.

**COUNT I – NEGLIGENCE AGAINST RCCL AND BIETAK**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14. At all times material hereto, it was the duty of Defendants RCCL and Bietek, to provide Plaintiff with a reasonably safe place to work.

15. On or about April 23, 2011, Defendants and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

16. Plaintiff was injured due to the fault and/or negligence of Defendant RCCL and/or Defendant Bietak, and/or its agents,   servants, and/or employees as follows:

    a.  Failure to use reasonable care to provide and maintain proper and adequate crew and/or equipment on board Defendant's vessel in order to enable Plaintiff to be able to carry out her duties in a reasonably safe manner; and/or

    b.  Failure to use reasonable care to provide Plaintiff a reasonably safe place to work;

and/or

c.   Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while she was engaged in the course of her employment on the subject vessel; and/or

d.   Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work; and/or

e.   Placing an unreasonable amount of performers on the ice at once; and/or

f.   Failure to use adequately space the lighting cues for skaters to follow so as to avoid creating an unsafe condition; and/or

g.   Failure to provide adequate spacing between skaters on the ice so as to avoid creating an unsafe condition; and/or

h.   Failure to use proper choreography for skaters to follow so as to avoid creating an unsafe condition; and/or

i.   Failure to properly train skaters performing on ice; and/or

j.   Failure to properly supervise skaters performing on ice; and/or

k.   Failure to use adequately trained skaters to perform on ice; and/or

l.   Failure to use adequately experienced skaters to perform on ice; and/or

m.   Failure to prohibit inexperienced skater from performing on ice after receiving notice of their deficiency; and/or

n.   Failure to prohibit inexperienced skaters from performing on ice after receiving notice of the skater colliding with another individual prior to the subject incident; and/or

o.   Failure to recognize deficiencies in the skill level of other performers on ice so as

to avoid creating an unsafe condition; and/or

p.  Failure to investigate possible hazards to Plaintiff in the subject area where she suffered her injury; and/or

q.  Failure to modify or eliminate the hazard to Plaintiff and/or warn Plaintiff of the hazard.

17. In addition, at all times material hereto, Defendant RCCL violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessel on which Plaintiff served. All of the above caused Plaintiff to be injured.

18. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

19. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendants and demands trial by jury.

## COUNT II – UNSEAWORTHINESS

Plaintiff realleges, adopts and incorporates by reference paragraphs one (1) through thirteen (13) as though originally alleged herein.

20. On or about April 23, 2011, Plaintiff was a seaman and a member of the subject vessel, which was in navigable waters.

21. At all times material hereto, Defendant RCCL had a non-delegable duty to provide Plaintiff with a seaworthy vessel.

22. On or about April 23, 2011, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of one or more of the following:

   a. The vessel was unsafe and unfit due to the conditions created by Defendant RCCL as follows:

      i. Failure to use reasonable care to provide and maintain proper and adequate crew and/or equipment on board Defendant's vessel in order to enable Plaintiff to be able to carry out her duties in a reasonably safe manner; and/or

      ii. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work; and/or

      iii. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while she was engaged in the course of her employment on the subject vessel; and/or

      iv. Placing an unreasonable amount of performers on the ice at once; and/or

      v. Failure to use adequately spaced lighting cues for skaters to follow so as to avoid creating an unsafe condition; and/or

vi.   Failure to provide adequate spacing between skaters on the ice so as to avoid creating an unsafe condition; and/or

vii.   Failure to use proper choreography for skaters to follow so as to avoid creating an unsafe condition; and/or

viii.   Failure to properly train skaters performing on ice; and/or

ix.   Failure to properly supervise skaters performing on ice; and/or

x.   Failure to use adequately trained skaters to perform on ice; and/or

xi.   Failure to use adequately experienced skaters to perform on ice; and/or

xii.   Failure to remove inexperienced skater from performing on ice after receiving notice of her deficiency as a skater; and/or

xiii.   Failure to remove inexperienced skater from performing on ice after receiving notice of the skater colliding with another individual prior to the subject incident; and/or

xiv.   Failure to recognize deficiencies in the skill level of other performers on ice so as to avoid creating an unsafe condition; and/or

xv.   Failure to investigate possible hazards to Plaintiff in the subject area where she suffered her injury; and/or

xvi.   Failure to modify or eliminate the hazard to Plaintiff and/or warn Plaintiff of the hazard.

b.   The vessel was not reasonably fit for its intended purpose;

c.   The vessel's crew was not properly trained, instructed or supervised, all of which caused Plaintiff to be injured.

23. As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body

and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits associated with Plaintiff's job, including but not limited to free food, shelter, medical care, uniforms, vacation time and airline tickets to and from her home.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.


Dated this 20 day of March, 2014.          Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204


By: */s/ Ricardo V. Alsina*
RICARDO V. ALSINA
ralsina@lipcon.com
FLORIDA BAR NO.: 883182